11 U.S. 354
 7 Cranch 354
 3 L.Ed. 369
 PRESTON
v.
TREMBLE.
 February 23, 1813
 
 1
 Absent. TODD, J.
 
 
 2
 ERROR to the Circuit Court for the district of East Tennessee, who had dismissed the Plaintiffs bill in Chancery, upon demurrer, for want of equity.
 
 
 3
 The bill stated that Preston, the Complainant, had title to a tract of land in the state of Tennessee, but the Defendant, Tremble, fraudulently and deceitfully entered into it, and holds him out.
 
 
 4
 In setting forth the title it is stated, that the land formerly lay within the state of North Carolina, during which time, one Ephraim Dunlop made an entry for the land in regular form, paid the purchase money to the state, and performed every other requisite to complete the contract; but before a patent was obtained, the legislature of North Carolina passed a law, defining the limits of the Indian boundary, declaring all entries and surveys already made within those limits, to be null and void, and directing the entry-takers to refund all monies received therefor. That Dunlop never received back the purchase money, norconsented to annul the contract. That the law of North Carolina, rescinding the contract was void. That Dunlop afterwards obtained a warrant to survey the land, and obtained a patent therefor, from the state of North Carolina, and afterwards conveyed the land to John Rhea, who conveyed to Preston, the Plaintiff.
 
 
 5
 P. B. KEY, for Plaintiff in error, contended,
 
 
 6
 1. That the land was within the territorial limits of North Carolina, who had a right to grant it.
 
 
 7
 2. That the entry and payment of the purchase money, vested in Dunlop an equitable estate in fee in the land.
 
 
 8
 3. That the act of May, 1778, was void and inoperative, so far as it attempted to rescind the contract, and destroy the equitable estate of Dunlop.
 
 
 9
 4. That although the patent which was issued in 1793, in contravention of the law of May, 1778, was declared void and inoperative, to convey the legal title, yet the equitable estate existed and remained in Dunlop.
 
 
 10
 5. That no legal title to the land having passed to Dunlop, the Plaintiff could not maintain an ejectment.
 
 
 11
 6. That when no adequate relief exists at law, a Court of equity will interpose its authority, to protect an equitable estate, and by analogy, will give such full relief as a Court of law would, had the title been legal.
 
 
 12
 7. That the demurrer ought to be overruled.
 
 
 13
 MARSHALL, Ch. J.
 
 
 14
 If your title is good at law, you have no case in equity. If you have any title it is at law. If you have no title at law, you can have none in equity. The equitable estate is merged in the grant.
 
 
 15
 This is an attempt to substitue a bill in equity for an action of trespass.
 
 
 16
 Decree affirmed.